UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DANIEL KILLEEN AND SHERYL BALTAR                          PLAINTIFFS

V.                                            CIVIL ACTION NO. 1:06cv649-LTS-RHW

STATE FARM FIRE AND CASUALTY COMPANY                       DEFENDANT

### ORDER

In advance of the final pretrial conference held on June 18, 2007, Plaintiffs filed three motions *in limine*: [63] dealing with demonstrative evidence that may be used during the testimony of Defendant's expert(s); [64] aimed at video evidence that may be offered by Defendant; and [65] regarding outside financial assistance that Plaintiffs may have obtained as a result of their Hurricane Katrina loss.  Defendant has responded formally [72] only to the [64] motion on the video evidence.

Defense counsel was afforded the opportunity to provide the Court with a version of the video to be introduced at trial; the Court has not received this material.  Reference is made in Defendant's [72] response to the "Pass Christian Library Video," and it is averred that the library is two and a half miles from Plaintiffs' damaged property.  It is clear that Defendant intends to offer or otherwise use this evidence to suggest that the images depicted in the video reflect what may have occurred at the insured premises.  It is the Court's determination that, even if such evidence is potentially relevant, it should be excluded because "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, [and] by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."  Fed. R. Evid. 403.

Portions of expert reports shown to the jury shall be exact replicas of what is contained in the report.  This is no different from referring to parts of a claims file maintained by Defendant.  These documents speak for themselves and may be explored by counsel, but not in summary fashion.  Neither may Defendant offer any evidence of outside financial assistance received by Plaintiffs.

Accordingly, **IT IS ORDERED**:

Plaintiffs' Motions [63] [64] [65] *in limine* are **GRANTED** consistent with the above comments . Demonstrative evidence during expert testimony shall be limited to specific excerpts from reports offered and admitted on Defendant's behalf.  Videos in Defendant's possession, along with any evidence of outside financial assistance received by Plaintiffs, shall be **EXCLUDED** for any purpose.

**SO ORDERED** this the 28th day of June, 2007.

             s/ <u>L. T. Senter, Jr.</u>
             L. T. SENTER, JR.
             SENIOR JUDGE